IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BAUTISTA CAYMAN ASSET COMPANY**

**Plaintiff,**

v.

**THE FERRER GROUP, INC., et al.,**

**Defendants.**

**CIVIL NO. 15-2277 (GAG)**

## **OPINION AND ORDER**

Bautista Cayman Asset Company ("Plaintiff") brings this action to collect payments pursuant to a loan financing Agreement ("the Agreement") entered into by Defendants, The Ferrer Group, Inc. ("TFG"), San Juan Bay Marina, Inc. ("San Juan Bay"), Eduardo Ferrer Bolivar ("Ferrer") and Lilian Agnes Tañón Correa ("Tañón"). (Docket No. 1 ¶¶ 26-30.) Additionally, Plaintiff requests that the Court order foreclosure of all collaterals pledged to secure the loan pursuant to the Puerto Rico Commercial Transitions Act ("CTA"), P.R. LAWS ANN. tit. 19, § 2201, as an alternative to satisfy Defendants' financial obligations under the Agreement. Id. ¶¶ 31-34.

Presently before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). (Docket No. 18.) In the alternative, Defendants move to dismiss invoking a forum-selection clause in the Agreement, that selects Puerto Rico's Commonwealth court as the parties' chosen forum. Id. at 7-8. After reviewing the parties' submissions and pertinent law, the Court **DENIES** Defendants' Motion to Dismiss at Docket No. 18.

I.      **Standard of Review**

FED. R. CIV. P. 12(b)(1) provides a mechanism for challenging the court's subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1); see also Sumitomo Real Estate Sales, Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 95 (D.P.R. 2006). The party asserting jurisdiction bears the burden of demonstrating its existence. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). Defendants can bring a Rule 12(b)(1) motion challenging the existence of diversity jurisdiction "factually," that is, by "controverting the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffering materials of evidentiary quality in support of that position." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). In such cases, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Id. (citing Garcia v. Copenhaver, Bell & Assoc., 104 F.3d 1256, 1261 (11th Cir. 1997)). In arming itself to make this jurisdictional determination the court is not confined to the four corners of the complaint, and instead, can conduct "discovery, consider extrinsic evidence, or hold evidentiary hearings." Valentin, 254 F.3d at 363.

II.     **Relevant Factual and Procedural Background**

Defendants TFG and San Juan Bay are for-profit corporations organized under the laws of the Commonwealth of Puerto Rico with their principal places of business in San Juan, Puerto Rico. (Docket No. 1 ¶¶ 5-6.) Defendants Ferrer and Tañón are residents of San Juan, Puerto Rico. Id. ¶ 7. Plaintiff is a business entity registered in Grand Cayman, the Cayman Islands with its principal place of business in Fort Worth, Texas. Id. ¶ 4. Defendants dispute Plaintiff's business identity, claiming it is a Limited Liability Company ("LLC"). (Docket No. 18 ¶¶ 4-6.) Plaintiff contends that it is a corporation. (Docket Nos. 1 ¶ 4; 28 ¶ 7.)

**Civil No. 15-2277 (GAG)**

In March, 2015, Plaintiff acquired the assets and loan portfolios of Doral Bank from the Federal Deposit Insurance Corporation. (Docket No. 1 ¶ 3.) The acquisition included the Agreement executed between TFG and Doral Bank in which Doral Bank provided TFG a loan in the amount of 2.1 million dollars. Id. ¶ 8. After the acquisition, Plaintiff succeeded Doral Bank and became Defendants' creditor under the Agreement. Id. ¶ 28. In order to secure the loan, TFG and San Juan Bay, one of the guarantors of the loan, pledged several assets as collaterals. Id. ¶¶ 11-17, 19. Additionally, Ferrer and Tañón also agreed to jointly and severally guarantee TFG's financial obligations pursuant to the Agreement. Id. ¶ 18.

Plaintiff claims that TFG defaulted on its payments. Id. ¶ 20. Subsequently, Plaintiff sent two letters to Defendants declaring that all obligations under the Agreement, in the amount of $1,468,053, were immediately due. Id. ¶¶ 23-24. Plaintiff alleges that Defendants failed to cure the default and now requests that the Court order payments, or as an alternative, order foreclosure of all collaterals. Id. ¶ 26-34.

**III.   Legal Analysis**

A. Diversity Jurisdiction

Defendants seek dismissal, arguing that Plaintiff is a LLC and did not establish diversity of citizenship pursuant to 28 U.S.C. § 1332 because it failed to identify members of the LLC and their respective citizenships. (Docket No. 18 at 2, 6-7, 9.) Plaintiff counters that it has demonstrated it is a corporation, thus complete diversity exists because it is a citizen of the Cayman Islands and Texas.[1] (Docket No. 28 at 5-7.)

---

[1] Plaintiff urges the Court to deny Defendants' motion as untimely. (Docket No. 28 at 3.) However, the Court has an obligation, at any time, to inquire into its own subject matter jurisdiction. See McCulloch v.Velez, 364 F.3d 1, 5 (1st Cir. 2004); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, the Court can and will consider the motion at this juncture.

3

**Civil No. 15-2277 (GAG)**

Complete diversity exists only when "no plaintiff is a citizen of the same state as any defendant." Díaz-Rodríguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005) (quoting Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005)).  For diversity jurisdiction purposes, citizenship of a LLC is "determined by the citizenship of all of its members." Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).  As to a corporation, it "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  In the context of dual citizenship, diversity jurisdiction must be satisfied by *both* a corporation's principal place of business and its place of incorporation, so a party does not "select among its two jurisdictional citizenships to preserve or defeat diversity." ACCO Brands USA LLC v. Piñeyro y Lara Comercial S.A., 27 F. Supp. 3d 256, 260 (D.P.R. 2014).  Additionally, to properly invoke diversity jurisdiction, the amount in controversy must exceed $75,000. Stewart v.Tupperware Corp., 356 F.3d 335, 337 (1st Cir. 2004).  Plaintiff bears the burden of demonstrating complete diversity by a preponderance of the evidence. See Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir. 1995); García-Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

The Court must first determine whether Plaintiff is a LLC or a corporation.  In support of their motion to dismiss, Defendants proffer a report generated through a search of the Cayman Islands' public records containing Plaintiff's registration information. (Docket No. 18 at 9.)  The report characterizes Plaintiff as an "exempt company." Id.  Defendants do not introduce any additional jurisdictional evidence in support of their argument that Plaintiff is a LLC, but simply conclude that "principles applicable to LLC's are also applicable to companies, as Bautista." Id. at 6.

4

**Civil No. 15-2277 (GAG)**

Asserting it is a corporation, Plaintiff provides a report by the U.S. Government Accountability Office from July, 2008, discussing types of business entities under Cayman Islands' law. (Docket No. 28 at 6.); see U.S. GOVERNMENT ACCOUNTABILITY OFFICE, *Cayman Islands: Review of Cayman Islands and U.S. Laws Applicable to U.S. Persons' Financial Activity in the Cayman Islands, (GAO-08-1028SP), an E-supplement to GAO-08-778* (July 2008).[2] According to the report, Cayman Islands recognizes three types of business entities: corporations, partnerships and trusts. Id. at 2. Cayman Islands corporations can be ordinary, exempted or foreign companies, and they are governed by the Cayman Islands Companies Law. Id. Because Plaintiff is characterized as an "exempt company," which is defined as an entity registered pursuant to the provisions of the Companies Law of the Cayman Islands (2013 revision), the Court deems Plaintiff a corporation and assesses its claim for diversity jurisdiction accordingly. See id. at 3 n.1 (characterizing an exempt company as an "exempt corporation"); see also Adams Physical Therapy Servs. v. Systems4PT, LLC, No. 13-CV-104, 2013 U.S. Dist. LEXIS 49334 (N.D. Ind. Apr. 5, 2013) (characterizing a Cayman Islands' exempt company a corporation for diversity jurisdiction purposes).

In this case, Plaintiff, a corporation organized under the laws of the Cayman Islands, a British Overseas Territory, is then able to assert diversity jurisdiction.[3] Additionally, Plaintiff pled that its principal place of business is Fort Worth, Texas. (Docket No. 1 ¶ 4.) Thus, Plaintiff has dual citizenship, the Cayman Islands, because of its incorporation, and Texas, because of its

---

[2] *Available at* http://www.gao.gov/assets/210/203399.pdf.
[3] The Supreme Court has established that a foreign state need not be formally recognized by the United States in order for its citizens and subjects to be able to invoke diversity jurisdiction. JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88 (2002) (holding that for purposes of diversity jurisdiction, a corporation organized under the laws of the British Virgin Islands is a "citizen or subject of a foreign state," within the meaning of the diversity statute even though the British Virgin Islands is a British Overseas Territory that has not been recognized by the United States as an independent foreign state).

5

principal place of business. See ACCO Brands USA LLC, 27 F. Supp. 3d at 260. Therefore, the Court has subject matter jurisdiction over Plaintiff's claim because it has established complete diversity between the parties, and it has sufficiently pled the amount-in-controversy requirement. (Docket No. 1 ¶¶ 5-7, 25.)

### B. Forum-Selection Clause

Alternatively, Defendants move to dismiss Plaintiff's claim arguing a forum-selection clause in the Agreement specifies that Puerto Rico's court of First Instance, instead of this Court, is the proper forum.[4] (Docket Nos. 1-1 at 18; 18 ¶ 21.)

The Court must first determine whether the clause at issue is permissive or mandatory. Claudio-de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014). "Permissive forum selection clauses . . . authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." Id. (citations omitted). The First Circuit has interpreted forum-selection clauses containing commanding words such as "shall" or "must" as mandatory. See, e.g., Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 388-89 (1st Cir. 2001) (finding the forum-selection clause mandatory when it states that "[t]his Agreement *shall* be governed and construed by the laws of the State of Illinois and all actions involving this Agreement *must* be brought in the State of Illinois.") (emphasis added).

---

[4] Plaintiff's only argument in response is that a motion to transfer venue, rather than a motion to dismiss, is the proper procedural vehicle to invoke a forum-selection clause. (Docket No. 28 at 7.) The Court rejects Plaintiff's assertion because the First Circuit treats a motion to dismiss based on a forum-selection clause as a motion to dismiss for failure to state a claim for which relief can be granted under FED. R. CIV. P. 12(b)(6). See Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387-88 (1st Cir. 2001) ("a motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits.").

**Civil No. 15-2277 (GAG)**

Here, the Court turns to the forum-selection clause's language to determine whether it binds the parties to litigate exclusively in Puerto Rico's state court. It states: "[i]n case of any litigation regarding this Agreement, the LOAN, or other documents regarding the same, the parties submit to the jurisdiction of the General Court of Justice of Puerto Rico." (Docket No. 30-1 at 16.) The clause at issue here lacks commanding words such as "shall" or "must" to make Puerto Rico's state court the exclusive forum. To the contrary, several First Circuit cases have construed language similar to the one here as permissive. See, e.g., De Energia Electrica De P.R. v. Ericsson Inc., 201 F.3d 15, 18-19 (1st Cir. 2000) ("[t]his contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico."); Redondo Construction Corp. v. Banco Exterior De Espana S.A., 11 F.3d 3, 5 (1st Cir. 1993) ("[b]orrower and the [g]uarantors each hereby expressly submits to the jurisdiction of all Federal and State Courts located in the State of Florida."). The parties can certainly consent to a specific forum using the forum-selection clause in the Agreement, but the clause does not exclude the U.S. District Court in Puerto Rico as a proper forum absent unequivocal language to the contrary. More so, sitting in diversity, this Court must apply Puerto Rico law. Hanna v. Plumer, 380 U.S. 460, 471 (1965); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Because the forum-selection clause in this Agreement is permissive, this case is properly before this Court and the motion to dismiss based on the forum-selection clause is **DENIED**.

## IV. Conclusion

Plaintiff has satisfied the requirements for diversity jurisdiction and the forum-selection clause in the Agreement does not preclude litigation in this Court.  Defendants' motion to dismiss at Docket No.18 is **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, on this 20th day of April 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge